UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DEAN WILLIAMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GAVIN NEWSOM,<br><br>　　　　Respondent. | No. 2:24-cv-00528-EFB (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

　　　Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition that petitioner and appended exhibits that is not entitled to federal habeas relief.

　　　Federal courts may not entertain habeas petitions brought under § 2254 if success on the petition would not necessarily accelerate the petitioner's release from custody.  *Nettles v. Grounds*, 830 F.3d 992, 934-35 (9th Cir. 2016) (*en banc*).

1

Petitioner claims that the California parole board erroneously failed to review certain documentation of his "academic and work achievements" and that, if it had, plaintiff would have been granted parole. ECF No. 1 at 4. But the parole board may deny parole on any number of available grounds. *Nettles*, 830 F.3d at 935. It is not a given that, in consideration with other factors, the academic and work documentation would tip the balance in favor of a grant of parole. *Id.* ("[T]he presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of it."). As success in this action would result in the grant of a new parole hearing (at which the board would consider the formerly-excluded documentation), but not an order compelling petitioner's accelerated release, the petition lies outside the core of habeas corpus and petitioner's claims must be brought, if at all, as a civil rights action under 42 U.S.C. § 1983. *Id.* at 934.

Because it appears from the face of the petition that it lies outside the core of habeas corpus, the petition must be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action. It is further RECOMMENDED that the petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE